DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Lucas County Court of Common Pleas which affirmed an administrative decision of the city of Toledo Towing Board of Review. For the reasons set forth below, this court affirms the judgment of the trial court.
 {¶ 2} Appellant, Magnum Towing Recovery, LLC, sets forth the following sole assignment of error:
 {¶ 3} "The trial court erred in upholding the Toledo Towing Board of Review's decision in suspending defendant/appellant's Magnum Towing and Recovery, LLC, as said decision was against the manifest weight of the evidence."
 {¶ 4} The following undisputed facts are relevant to the issue raised on appeal. On July 27, 2004, a stolen automobile was recovered in a south Toledo apartment complex parking lot. At the time of recovery, the responding officer observed that the vehicle contained a leather jacket, guitar, and a book of compact discs. The officer placed all of these items in the trunk of the vehicle, closed it, and had the vehicle towed to appellant's premises.
 {¶ 5} Appellant is a limited liability corporation specializing in the business of towing and storing vehicles. Appellant is one of the companies that performs towing and storage services for the city of Toledo. In order to qualify for use by the city of Toledo to furnish towing and storage services, appellant must be licensed and comport with city statutory requirements.
 {¶ 6} As relates to the instant case, Toledo Municipal Code Section 765.17 states, "each permittee [towing entity] shall be responsible for the full and complete safe keeping of any vehicle towed by the licensee and of any vehicle stored by the licensee, including any personal property in the vehicle."
 {¶ 7} When the stolen vehicle in this case was towed to appellant's premises, it contained the above described personal property. Those items were placed in the trunk by the responding officer.
 {¶ 8} On July 30, 2004, the victim went to appellant's premises to recover his personal property and discovered that they had been taken from the stored vehicle. He reported the theft from the stored vehicle to the Toledo Police Department. A supplemental report regarding the theft was prepared.
 {¶ 9} On September 2, 2004, the city of Toledo Police Department suspended appellant's towing license as a consequence of appellant's breach of Toledo Municipal Code Section 765.17. Appellant appealed this suspension to the Toledo Towing Board of Review.
 {¶ 10} On October 26, 2004, the matter went to hearing before the board. At the conclusion of the initial board hearing, appellant requested a second hearing be scheduled in order to enable new counsel to present additional evidence. The request was granted. The board conducted a second evidentiary hearing on December 10, 2005. Additional evidence and testimony was presented by appellant in dispute of the potential suspension.
 {¶ 11} On January 5, 2005, the Board issued its decision suspending appellant from the Toledo towing list for 45 days. Fifteen days of the 45 day suspension was stayed on the condition that appellant commit no further violations of the licensee requirements. Pursuant to R.C.2506.04, appellant appealed the board's decision to the Lucas County Court of Common Pleas. On February 6, 2006, the trial court affirmed the board's decision to suspend appellant's towing license. Appellant timely filed a notice of appeal of that decision.
 {¶ 12} In appellant's sole assignment of error, it argues that the trial court decision affirming the board's suspension was against the manifest weight of the evidence. In support, appellant presents certain information regarding the relationship between the parties that is not relevant to the matter under review. In addition, appellant suggests, without supporting factual evidence, that the incident of the personal property being stolen while stored on appellant's premises was fabricated.
 {¶ 13} Our standard of review on manifest weight of the evidence issues in a civil case is whether the record contains some competent, credible evidence in support of the trial court's decision. C.E. MorrisCo. v. Foley Constr. Co. (1978), 54 Ohio St.2d 279, syllabus. In making this determination, we must review the entire record, weigh the evidence in all reasonable inferences, and consider witness credibility.State v. Thompkins (1997), 78 Ohio St.3d 380, 387. Given the unique position of the factfinder in directly observing, hearing and considering the witnesses and the evidence, we afford substantial deference to its determinations of credibility. Id.
 {¶ 14} As applied to the case at bar, the record contains credible, uncontroverted testimony of the responding officer pertaining to the disputed personal property. The officer unambiguously testified that he observed a leather jacket, guitar, and a book of compact discs in the stolen vehicle at the time of its recovery. The officer further testified that he personally placed these items in the trunk of the vehicle immediately before having it towed to appellant's premises for storage. Those items had been removed from the vehicle after the vehicle was towed to appellant's premises and before the victim arrived several days later to retrieve them.
 {¶ 15} This incident constituted a violation of Toledo Municipal Code Section 765.17. The decision of the Toledo Towing Board of Review, affirmed by the trial court is clearly supported by competent, credible evidence. There is no relevant evidence in the record to establish that the factfinder lost its way or created a miscarriage of justice. Appellant's assignment of error is not well-taken.
 {¶ 16} On consideration whereof, the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Arlene Singer, J.
William J. Skow, J.
George M. Glasser, J.
CONCUR.
Judge George M. Glasser, retired, sitting by assignment of the Chief Justice of the Supreme Court of Ohio.